**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118600

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Won Yong Sung, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Asset Recovery Solutions, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

   Won Yong Sung, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Asset Recovery Solutions, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

   1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

   2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

   3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.    At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5.    Plaintiff Won Yong Sung is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6.    Plaintiff is a natural person allegedly obligated to pay a debt.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.    On information and belief, Defendant Asset Recovery Solutions, LLC, is an Illinois Limited Liability Company with a principal place of business in Cook County, Illinois.

9.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of Defendant's business is the collection of such debts.

12.    Defendant uses the mails in its debt collection business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.    The alleged Debt does not arise from any business enterprise of Plaintiff.

17.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.    At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 15, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.     The Letter conveyed information regarding the alleged Debt.

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## **FIRST COUNT**
### **Violation of 15 U.S.C. § 1692g(a)(1)**

28.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

31.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

32.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

33.    The Letter claims that Plaintiff owes $11,088.70.

34.    Plaintiff did not owe $11,088.70.

35.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

36.    Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

37.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

38.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

41.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

42.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

43.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

44.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

45.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

46.      An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

47.      15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48.      An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

49.      An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

50.      The Letter alleges that Plaintiff owed $11,088.70.

51.      Plaintiff did not owe $11,088.70.

52.      Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

53.      Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

54.      Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

55.      Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

56.      Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

Barshay Sanders PLLC

57.    Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

58.    Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

59.    Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

60.    Defendant's allegation that Plaintiff owed $11,088.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

61.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g(a)(2)

62.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

64.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

65.    To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

66.    A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

67.    The Letter claims the name of the creditor to whom the alleged Debt is owed is Palisades Collection LLC.

68.    Plaintiff did not owe the alleged Debt to Palisades Collection LLC.

6

69.    Palisades Collection LLC never offered to extend credit to Plaintiff.

70.    Palisades Collection LLC never extended credit to Plaintiff.

71.    Plaintiff was never involved in any transaction with Palisades Collection LLC.

72.    Plaintiff never entered into any contract with Palisades Collection LLC.

73.    Plaintiff never did any business with Palisades Collection LLC.

74.    Plaintiff was never indebted to Palisades Collection LLC.

75.    Palisades Collection LLC is a stranger to Plaintiff.

76.    Defendant's statement that Palisades Collection LLC is "the name of the creditor to whom the debt is owed," when Palisades Collection LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

77.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

78.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

81.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

82.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

83.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

84.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

85.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

86.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

87.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

89.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

90.     The Letter claims that Plaintiff owes a debt to Palisades Collection LLC.

91.     Plaintiff did not owe a debt to Palisades Collection LLC.

92.     Palisades Collection LLC never offered to extend credit to Plaintiff.

93.     Palisades Collection LLC never extended credit to Plaintiff.

94.     Plaintiff was never involved in any transaction with Palisades Collection LLC.

95.     Plaintiff never entered into any contract with Palisades Collection LLC.

96.     Plaintiff never did any business with Palisades Collection LLC.

97.     Plaintiff was never indebted to Palisades Collection LLC.

98.     Palisades Collection LLC is a stranger to Plaintiff.

99.     Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

100.     Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

8

101.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

102.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

103.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

104.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

105.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

106.    Defendant's allegation that Plaintiff owed a debt to Palisades Collection LLC, when Plaintiff did not owe a debt to Palisades Collection LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

107.    Defendant's demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

108.    Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

109.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

110.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

111.    15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the

consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

112.    In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

113.    The Letter states in part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

114.    The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to the address listed below.

115.    The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

116.    A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

117.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

118.    The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

119.    The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

120.    The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

121.    The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

122.    The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

123.    The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

124.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

125.    While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

126.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

127.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

128.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

129.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

130.    The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

131.    The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

132.    The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

133.    The least sophisticated consumer would likely be uncertain as to her rights.

134.    The least sophisticated consumer would likely be confused as to her rights.

135.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

136.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

137.    The least sophisticated consumer would likely be deceived by the Letter.

138.    The least sophisticated consumer would likely be deceived in a material way by

the Letter.

139.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

140.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

## CLASS ALLEGATIONS

141.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

142.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

143.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

144.    The Class consists of more than thirty-five persons.

145.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

146.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

147.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues

raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

148.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

      a.   Certifying this action as a class action; and

      b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

      c.   Finding Defendant's actions violate the FDCPA; and

      d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

      e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.   Granting Plaintiff's costs; all together with

      g.   Such other relief that the Court determines is just and proper.

DATED: March 12, 2020

      **BARSHAY SANDERS, PLLC**

      By:  _/s/ *Craig B. Sanders*
      Craig B. Sanders, Esquire
      100 Garden City Plaza, Suite 500
      Garden City, New York 11530
      Tel: (516) 203-7600
      Fax: (516) 706-5055
      csanders@barshaysanders.com
      *Attorneys for Plaintiff*
      Our File No.: 118600